UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAM BRINCKMAN | ) | CASE NO. 09-31007 |
| HEATHER BRINCKMAN | ) | CHAPTER 13 |
| | ) | |
| Debtors | ) | |
| | ) | |
| NANCY J. GARGULA | ) | |
| UNITED STATES TRUSTEE | ) | Adv. Proc. No. _____ |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| JAMES SHALLENBARGER, | ) | |
| RUSSELL BARBER, and | ) | |
| PRP SERVICES, INC. | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT TO DETERMINE VIOLATIONS OF 11 U.S.C. §110,
IMPOSE FINES AND SANCTIONS, OBTAIN INJUNCTIVE RELIEF
AND TO REQUIRE TURNOVER OF FEES**

The Plaintiff, Nancy J. Gargula, United States Trustee for Region 10 ("Plaintiff"), by Attorneys Robin S. Tubesing and Ellen L. Triebold, files this Complaint pursuant to 11 U.S.C. § 110 against James Shallenbarger, Russell Barber, and PRP Services, Inc. ("Defendants"), and states:

**NATURE OF ACTION**

1.  This is a Complaint against the Defendants in which the Plaintiff seeks:

    A.  The assessment of fines against the Defendants for engaging in conduct in violation of 11 U.S.C. § 110;

B. The disgorgement of any fees received by the Defendants from or on behalf of the Debtors and the imposition of fines for any monies not disgorged;

C. An injunction against the Defendants permanently enjoining the Defendants, and any person or entity action in concert with them, from directly or indirectly acting as a bankruptcy petition preparer under 11 U.S.C. § 110, or in any way providing any service relating to the preparation of documents to be filed in a bankruptcy case; and

D. Such further relief as this Court deems appropriate and just.

## PARTIES

2. The Plaintiff is Nancy J. Gargula, the United States Trustee for Region 10, by Attorneys Robin S. Tubesing and Ellen L. Triebold, with a business address of Office of the United States Trustee, 100 East Wayne Street, Suite 555, South Bend, IN 46601.

3. The Defendant, James Shallenbarger is an adult individual, is not a member of the armed forces of the United States, and is presently residing at 1805 Berkey Avenue, Goshen, Indiana 46526 in the Northern District of Indiana, and acts as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

4. The Defendant, Russell Barber, individually and doing business as PRP Services, Inc., is an adult individual, is not a member of the armed forces of the United States, and is presently residing at 223 N. Michigan Street, Elkhart, Indiana 46514, in the Northern District of Indiana and acts as a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a)(1).

5. The Defendant, PRP Services, Inc., is an Indiana corporation which listed its address in the bankruptcy petition of this case as P.O. Box 2528, Elkhart, Indiana 46515 in the

      Northern District of Indiana and acts as a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a)(1).

6.     The Defendant Russell Barber is the President of the Defendant PRP Services, Inc.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001(7). This is a core proceeding under 28 U.S.C. §157(B)(2)(A), (E) and (O).

8.     The Plaintiff is statutorily obligated to monitor the administration of cases under Chapters 7, 11, 12 and 13 of the Bankruptcy Code pursuant to 28 U.S.C. § 586(a)(3). The Plaintiff has standing to raise and to appear and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307.

9.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## FACTS RELEVANT TO ALL COUNTS

10.    On March 13, 2009, the Debtors, Adam and Heather Brinckman, filed their voluntary petition and related bankruptcy documents in case no. 09-31007, seeking relief under Chapter 13 of the United States Bankruptcy Code.

11.    The Debtors are not represented by an attorney in their current bankruptcy case.

12.    The Defendant James Shallenbarger is not an attorney.

13.    The Defendant James Shallenbarger assisted the Debtors in the preparation of their bankruptcy documents.

14. The Defendant James Shallenbarger did not provide the Debtors with a written notice informing the Debtors in simple language that he was not an attorney and may not practice law or give legal advice, no such document was signed by the Debtors and by the Defendant under penalties of perjury, nor was any such document filed with the Court. 11 U.S.C. § 110(b)(2).

15. The Defendant James Shallenbarger did not place his name, signature, address, and social security account number on the bankruptcy documents.  11 U.S.C. § 110(c).

16. The Defendant James Shallenbarger did not file a Statement Of Disclosure Of Compensation Paid Or Promised To Non-Attorney Bankruptcy Petition Preparer By Debtor(s) In Chapter 13 Bankruptcy Case (hereafter "Statement Of Disclosure Of Compensation").  11 U.S.C. § 110(h)(2).

17. The Defendant Russell Barber is not an attorney.

18. The Defendant Russell Barber assisted the Debtors in the preparation of their bankruptcy documents.

19. The Defendant PRP Services, Inc. assisted the Debtors in the preparation of their bankruptcy documents .

20. The Defendant Russell Barber did not place his name, address, and social security account number on the bankruptcy documents.  11 U.S.C. § 110(c).

21. The Defendants provided legal advice to the Debtors, including advising them to file for bankruptcy, advising them under which chapter to file, advising them regarding whether they would be able to retain their home after commencing a case under this title, advising them regarding exempting property on Schedule C, and advising them concerning

procedures and rights.  11 U.S.C. § 110(e)(2).

22. The Defendants advised the Debtors that they should file bankruptcy in order to forestall foreclosure.

23. The Defendants advised the Debtors that they should file under Chapter 13.

24. The Defendants advised the Debtors regarding whether they would be able to retain their home.

25. The Defendants instructed the Debtors to ignore all court mailings and to not appear at any scheduled meetings.

26. The Disclosure of Compensation of Bankruptcy Petition Preparer signed by the Defendant Russell Barber on behalf of the Defendant PRP Services, Inc. indicates that PRP Services, Inc. received $200.00.

27. On information and belief, the Debtors paid the Defendant James Shallenbarger the sum of at least $3,000.00 for his services.

28. On or about October 13, 2008, the Defendant James Shallenbarger entered into a contract with the Debtor Adam Brinckman whereby the Debtor paid him $500.00 per month for "negotiating foreclosure and stopping any potential sheriff sales" for his real estate. *See* Exhibit A, attached hereto and made a part hereof.

29. On information and belief, and based on communications with the Attorney for the Debtors' mortgage servicing company, the Defendants have made no attempts to renegotiate the Debtors' mortgage.

30. In addition to this case, the Debtor, Adam Brinckman, filed a prior *pro se* Chapter 13 case, case no. 08-33652, on October 21, 2008, which was dismissed on November 26,

2008.

31. In case no. 08-33652, the Defendant James Shallenbarger physically filed the Chapter 13 petition with the Bankruptcy Clerk on behalf of the Debtor, Adam Brinckman.

32. In case no. 08-33652, the Debtor paid the Defendant James Shallenbarger $500.00 for his services.

33. In case no. 08-33652, the Debtor did not make any payments directly to PRP Services.

34. In case no. 08-33652, the Disclosure of Compensation of Bankruptcy Petition Preparer signed by Defendant Russell Barber on behalf of Defendant PRP Services, Inc. indicates that PRP Services, Inc. received $300.00.

35. In case no. 08-33652, the Defendants did not provide the Debtor copies of his bankruptcy documents.

36. In case no. 08-33652, the Defendant James Shallenbarger did not provide the Debtor with a written notice informing the Debtor in simple language that he was not an attorney and may not practice law or give legal advice, no such document was signed by the Debtor and by the Defendant under penalties of perjury, nor was any such document filed with the Court. 11 U.S.C. § 110(b)(2).

37. In case no. 08-33652, the Defendant James Shallenbarger did not place his name, signature, address, and social security account number on the bankruptcy documents. 11 U.S.C. § 110(c).

38. In case no. 08-33652, the Defendant James Shallenbarger did not file a Statement of Disclosure of Compensation. 11 U.S.C. § 110(h)(2).

39. In case no. 08-33652, the Defendant Russell Barber did not place his name, address, and

social security account number on the bankruptcy documents. 11 U.S.C. § 110(c).

40. In case no. 08-33652, the Defendants provided legal advice to the Debtor, including advising him to file for bankruptcy, advising him under which chapter to file, advising him regarding whether he would be able to retain his home after commencing a case under this title, advising him regarding exempting property on Schedule C, and advising him concerning procedures and rights. 11 U.S.C. § 110(e)(2).

41. In case no. 08-33652, the Defendants advised the Debtor that he should file bankruptcy in order to forestall foreclosure.

42. In case no. 08-33652, the Defendants instructed the Debtor to ignore all court mailings and to not appear at any scheduled meetings.

43. On information and belief, the Defendants operate a foreclosure rescue scheme in which the Defendants receive regular and ongoing payments from desperate homeowners who are facing foreclosure in exchange for their promise to assist them in renegotiating their mortgages, arranging for tenants, managing their property, and assisting them in the selling of real estate. *See* Exhibit B, attached hereto and made a part hereof.

44. On information and belief, the Defendants are using the bankruptcy system to further this scheme by advising their clients to file a series of abusive bankruptcy petitions for the sole purpose of forestalling foreclosure with no intention of complying with the requirements under the Bankruptcy Code, including the requirements of attending meetings of creditors under § 341, providing documents to the case trustee, and/or filing Chapter 13 plans.

45. On information and belief, the Defendants have provided their 'services' and have used

the bankruptcy system to further their schemes in this and other cases filed in the Northern District of Indiana.

46. On information and belief, the Defendants are working in concert with each other in an effort to shield themselves from prosecution under 11 U.S.C. § 110 and that their actions should be viewed as a whole.

47. On information and belief, the Defendants may continue to engage in the preparation of petitions, schedules, statements, lists and related documents for filing in bankruptcy cases and charge fees for such services.

## COUNT I
### Imposition of Fines and Disgorgement of Fees for Violations of 11 U.S.C. § 110(b)(1)

48. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 47.

49. Section 110(b)(1)[1] requires a bankruptcy petition preparer who prepares a document for filing to sign the document and print on the document the preparer's name and address.

50. The Defendant James Shallenbarger is a bankruptcy petition preparer who failed to comply with the requirements of § 110(b)(1) when he assisted in the preparation of the Debtors' bankruptcy documents but did not provide his name, address, and signature to such documents.

51. The Defendant Russell Barber is a bankruptcy petition preparer who assisted the Debtors in preparing the documents but failed to provide his name and address on the documents.

---

[1] All references are to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, unless otherwise noted.

52. The Defendant PRP Services, Inc. is a bankruptcy petition preparer who assisted the Debtors in preparing the documents but failed to provide the name and address of its officer, principal, responsible person, or partner on the documents.

53. Pursuant to § 110(h)(3)(B), a bankruptcy petition preparer who fails to comply with the requirements of § 110(b) may be required to forfeit all fees charged by the bankruptcy petition preparer.

54. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00 which should be disgorged to the Debtors for the Defendants' violations of § 110(b).

55. Pursuant to § 110(i)(1), a bankruptcy petition preparer who fails to comply with the requirements of § 110(b) may be fined $500.00 for each such failure.

56. The statutory fines against the Defendants for violations of § 110(b)(1) in this case total at least $3,000.00.

## COUNT II
### Imposition of Fines and disgorgement of Fees for Violations of 11 U.S.C. § 110(b)(2)

57. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 56.

58. Section 110(b)(2)(I) requires a bankruptcy petition preparer, prior to preparing a document for filing or accepting any fees to the Debtors, to provide to the Debtors a written notice on an official form prescribed by the Judicial Conference of the United States in accordance with Rule 9009 of the Federal Rules of Bankruptcy Procedure.

59. Section 110(b)(2)(ii) requires that the notice inform the Debtors in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal

      advice.

60. Section 110(b)(2)(iii)(I) requires that the notice be signed by the Debtors, and under penalties of perjury, by the bankruptcy petition preparer.

61. Section 110(b)(2)(iii)(II) requires that the notice be filed with any document for filing.

62. The Defendant James Shallenbarger was a bankruptcy petition preparer who failed to comply with the requirements of § 110(b)(2) when he prepared the Debtors' bankruptcy documents for filing but did not provide notice to the Debtors, signed under penalties of perjury, and filed with the Court.

63. The Defendant Russell Barber did file such notice with the Court, but failed to disclose James Shallenbarger's involvement.

64. Pursuant to § 110(h)(3)(B), a bankruptcy petition preparer who fails to comply with the requirements of § 110(b) may be required to forfeit all fees charged by the bankruptcy petition preparer.

65. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00 which should be disgorged to the Debtors for the Defendants' violations of § 110(b)(2).

66. Pursuant to § 110(i)(1), a bankruptcy petition preparer who fails to comply with the requirements of § 110(b) may be fined $500.00 for each such failure.

67. The statutory fines against the Defendants for violations of § 110(b)(2) in this case total at least $500.00.

## COUNT III
### Imposition of Fines and Disgorgement of Fees for Violations of 11 U.S.C. § 110(c)(1)

68. The Plaintiff re-alleges and incorporates herein the allegations contained within

paragraphs 1 through 67.

69. Section 110(c)(1) and (2) require a bankruptcy petition preparer who prepares a document for filing to place his Social Security number on each document prepared.

70. The Defendant James Shallenbarger was a bankruptcy petition preparer who failed to comply with the requirements of § 110(c) when he assisted in the preparation of the Debtors' documents for filing but did not include his Social Security number on the documents.

71. The Defendant Russell Barber, as president of PRP, failed to comply with the requirements of § 110(c) when he assisted in the preparation of the Debtors' documents for filing but did not include his Social Security number on the documents.

72. The Defendant PRP Services, Inc. did include its tax ID number on the documents, but failed to list the Social Security number of its officer, principal, responsible person, or partner as required by § 110(c)(2)(B).

73. Pursuant to § 110(h)(3)(B), a bankruptcy petition preparer who fails to comply with the requirements of § 110(c) may be required to forfeit all fees charged by the bankruptcy petition preparer.

74. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00 which should be disgorged to the Debtors for the Defendants' violations of § 110(c).

75. Pursuant to §110 (i)(1), a bankruptcy petition preparer who fails to comply with the requirements of § 110(b) may be fined $500.00 for each such failure.

76. The statutory fines against the Defendants for violations of § 110(b)(1) in this case total at least $3,000.00.

## COUNT IV
### Imposition of Fines and Disgorgement of Fees for Violations of 11 U.S.C. § 110(e)(2)(A).

77. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 76.

78. Section 110(e)(2)(A) prohibits a bankruptcy petition preparer from offering legal advice to a potential bankruptcy debtor.

79. Section 110(e)(2)(B) states that legal advice includes whether to file a petition under this title, *see* § 110(e)(2)(B)(i)(I); whether commencing a case under chapter 7, 11, 12, or 13 is appropriate, *see* § 110(e)(2)(B)(i)(I); whether the Debtor will be able to retain the Debtors' home, car, or other property after commencing a case under this title, *see* § 110(e)(2)(B)(iii); and advising the Debtors concerning bankruptcy procedures and rights, *see* § 110(e)(2)(B)(vii).

80. Upon information and belief, the Defendants advised the Debtors that they could keep their home by making monthly payments to the Defendant James Shallenbarger and by filing Chapter 13 bankruptcy once or repeatedly and then ignoring the letters and papers in their bankruptcy case, thus allowing their bankruptcy case(s) to be dismissed.

81. The Defendants were bankruptcy petition preparers who failed to comply with the requirements of § 110(e)(1) when they advised the Debtors regarding their bankruptcy.

82. Pursuant to § 110(h)(3)(B), a bankruptcy petition preparer who fails to comply with the requirements of § 110(e) may be required to forfeit all fees charged by the bankruptcy petition preparer.

83. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00

which should be disgorged to the Debtors for the Defendants' violations of § 110(e).

84. Pursuant to § 110(i)(1), a bankruptcy petition preparer who fails to comply with the requirements of § 110(e) may be fined $500.00 for each such failure.

85. The statutory fines against the Defendants for violations of § 110(e) in this case total at least $3,000.00.

### COUNT V
### Imposition of Fines and Disgorgement of Fees Pursuant to 11 U.S.C. § 110(h)(2)

86. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 85.

87. Section 110(h)(2) requires a bankruptcy petition preparer to file a declaration under penalties of perjury disclosing any fee received from or on behalf of the Debtors within twelve months immediately prior to the filing of the case.

88. The Defendant James Shallenbarger was a bankruptcy petition preparer who failed to comply with the requirements of § 110(h)(2) when he failed to file a declaration disclosing the fees he received from the Debtors.

89. The Defendant Russell Barber was a bankruptcy petition preparer who filed the statement, but did not disclose Defendant James Shallenbarger's involvement in the preparation of the Debtors' bankruptcy documents.

90. The disclosure signed by Defendant Russell Barber disclosed receipt of $300.00 in case no. 08-33652 and $200.00 in case no. 09-31007 when the Defendants received $3,000.00 from the Debtors.

91. The Defendants' activities in the failure to file a Statement of Disclosure of

Compensation and/or the failure to file an accurate Statement of Disclosure of Compensation in this, and other cases, misleads the Court, the United States Trustee, assigned case trustees and other interested parties and constitutes fraudulent, unfair or deceptive conduct.

92. Pursuant to § 110(h)(3)(B), a bankruptcy petition preparer who fails to comply with the requirements of § 110(h) may be required to forfeit all fees charged by the bankruptcy petition preparer.

93. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00 which should be disgorged to the Debtors for the Defendants' violations of § 110(h)(2).

94. Pursuant to § 110(i)(1), a bankruptcy petition preparer who fails to comply with the requirements of § 110(h) may be fined $500.00 for each such failure.

95. The statutory fines against the Defendants for violations of § 110(h) in this case total at least $500.00.

## COUNT VI
### Imposition of Fines for Violations of 11 U.S.C. § 110(i)(1)

96. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 95.

97. Section 110(i)(1) states that:

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive...the court shall order the bankruptcy petition preparer to pay to the debtor –
>
> > (A) the debtor's actual damages; or
> > (B) the greater of –
> > > (i) $2,000; or

                (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services...

98. The Defendants committed acts that were fraudulent, unfair, or deceptive in taking, and continuing to take, regular and ongoing payments from desperate homeowners, including these Debtors, on the false promise that the Defendants were renegotiating their mortgages and in filing bankruptcy cases on behalf of these Debtors to delay foreclosures and continue to profit from the payments made by their victims.

99. Upon information and belief, the Debtors paid the Defendants the sum of $3,000.00.

100. Due to the Defendants' violations of § 110(i)(1), the Defendants should be required to pay the Debtors $6,000.00.

## COUNT VII
### Imposition of Triple Fines Pursuant to 11 U.S.C. § 110(l)(2)

101. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 100.

102. Section 110(l)(2)(D) states that the court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

103. The Defendant James Shallenbarger did not disclose that he had prepared the bankruptcy documents or assisted the Debtors in preparing the bankruptcy documents.

104. The Defendant Russell Barber did not disclose Defendant James Shallenbarger's involvement in the preparation of the Debtors' bankruptcy documents.

105. Due to the Defendants' violations of § 110(l)(2), all fines assessed against the Defendants should be tripled.

## COUNT VIII
## Imposition of a Permanent Injunction Pursuant to 11 U.S.C. § 110(j)

106. The Plaintiff re-alleges and incorporates herein the allegations contained within paragraphs 1 through 105.

107. The Defendants have performed bankruptcy preparer services.

108. Upon information and belief, the Defendants are using the bankruptcy system in their operation of a foreclosure rescue scheme which requires regular and ongoing payments from desperate homeowners on the false claim that the Defendants are renegotiating their mortgages.

109. Upon information and belief, other abusive bankruptcy cases have been caused to be filed by the Defendants in furtherance of their scheme to prevent the lawful foreclosure of homes.

110. Upon information and belief, the Defendants are still operating the foreclosure rescue scheme and continue to abuse the bankruptcy system, thereby threatening the integrity of the bankruptcy system.

111. The Defendants have repeatedly violated 11 U.S.C. § 110, and engaged in a pattern of wrongful and unlawful conduct described in paragraphs 1 through 110.

112. The Defendants have repeatedly engaged in providing legal advice to individuals without a legal license.

113. The Defendants have engaged in unfair, fraudulent, and deceptive acts in connection with

the preparation of bankruptcy petitions and bankruptcy documents.

114. The Defendants have repeatedly advised individuals to violate the Bankruptcy Code by filing a series of bankruptcy petitions for the sole purpose of obtaining the automatic stay.

115. The Defendants have repeatedly advised individuals to violate the Bankruptcy Code by advising Debtors to disregard mailings from the Court.

116. Injunctive relief is appropriate to prevent the recurrence of the conduct by the Defendants and to prevent harm to other potential Debtors.

117. The Plaintiff has no adequate remedy at law.

118. The Defendants' actions and omissions hinder the administration of justice.

119. The Plaintiff accordingly requests that the Defendants and their agents, servants, employees, successors, and all persons in concert and participation with the Defendants be permanently enjoined from rendering legal advice and preparing or assisting in the preparation of bankruptcy documents in this Judicial District.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court to issue its judgment jointly and severally against the Defendants as follows:

    A.    Under Counts I - V, requiring the Defendants to disgorge all fees received by the Defendants from the Debtors and imposing fines for any monies not disgorged;

    B.    Under Counts I - V, assessing fines in the total amount of at least $10,000 for each violation of 11 U.S.C. §110 against the Defendants;

    C.    Under Count VI, assessing a fine of $6,000.00 against the Defendants payable to the Debtors for unfair, fraudulent, or deceptive practices of the Defendants;

  D.  Under Count VII, trebling the fines in the total amount of at least $30,000.00 for each violation of 11 U.S.C. §110 against the Defendants;

  E.  Under Count VIII, issuing an injunction against the Defendants, permanently enjoining them, and any person or entity acting in concert with them, from directly or indirectly acting as a bankruptcy petition preparer under 11 U.S.C. §110, or in any way providing any service related to the preparation of documents to be filed in a bankruptcy case; and

  F.  Granting such further relief as the Court deems appropriate and just.

              Respectfully submitted,

              NANCY J. GARGULA
              United States Trustee

        By:  /s/ Robin S. Tubesing
            Robin S. Tubesing
            Trial Attorney
            Indiana Bar #26680-49

        By:  /s/ Ellen L. Triebold
            Ellen L. Triebold
            Trial Attorney

Office of the U.S. Trustee
555 One Michiana Square Building
100 East Wayne Street
South Bend, IN  46601
(574) 236-8105

CERTIFICATE OF SERVICE

       I hereby certify that service of the foregoing has been made by placing a copy thereof in the United States Mail, first class, postage prepaid, this 10th day of June, 2009, addressed to the following:

Debra L. Miller, Chapter 13 Trustee
*via ECF*

Adam Brinckman
Heather Brinckman
18073 Thomas Lane
Goshen, IN 46527

James Shallenbarger
1805 Berkey Avenue
Goshen, IN 46526

Russell Barber
223 N. Michigan Street
Elkhart, IN 46514

PRP Services, Inc.
223 N. Michigan Street
Elkhart, IN 46514

Russell Barber
P.O. Box 2528
Elkhart, IN 46515

PRP Services, Inc.
P.O. Box 2528
Elkhart, IN 46515

Donald E. Wertheimer
1017 E. Jefferson Blvd.
South Bend, IN 46617-3105

                                          /s/ Ellen L. Triebold
                                          Ellen L. Triebold